UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL BAKER,

                Plaintiff,

  v.

LAURA LEE HALE, *et al.*,

                Defendants.

Case No. C22-1672-LK-MLP

ORDER DENYING DEFENDANTS' MOTION TO AMEND ANSWER

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Defendants' motion to amend their amended answer to Plaintiff's amended complaint. (Dkt. # 18.) Specifically, Defendants seek leave to amend their amended answer to plead an affirmative defense of statute of limitations with respect to Defendants Laura Lee Hale and Valerie Weber, pursuant to Federal Rule of Civil Procedure 15. (*See id.*)

Plaintiff opposes Defendants' motion, arguing that Defendants have waived the affirmative defense by operation of Federal Rules of Civil Procedure 8(c) and 12(b), both of which require that defenses to a claim for relief be set forth in a responsive pleading. (Dkt. # 20 at 3-4.) Plaintiff asserts as well that Defendants did not apprise him of their desire to amend their amended answer until after the deadline for amended pleadings established by the Court's Order

ORDER DENYING DEFENDANTS'
MOTION TO AMEND ANSWER - 1

Setting Pretrial Schedule had passed, and he suggests that this likewise constitutes a reason to deny Defendants' motion to amend. (*See id*. at 4-5).

If a party seeks to amend its pleadings after the date specified in the court's scheduling order, Federal Rule of Civil Procedure 16(b) governs the request. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In such circumstances, the court must first determine if a party has met the standard under Rule 16(b) to modify a scheduling order before turning to the question of whether amendment is proper under Rule 15(a). *See id.*; *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, 2014 WL 2573290, at *2 (W.D. Wash. 2014).

Rule 16 requires that a party show "good cause" for not having amended their pleading prior to the expiration of the time specified in the court's scheduling order. Fed. R. Civ. P. 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson*, 975 F.2d at 607-09). When determining whether a party has demonstrated good cause, the court "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If a party has acted diligently but still cannot reasonably meet the scheduling deadlines, the court may allow modification of the pretrial schedule. *Id*. However, "if that party was not diligent, the inquiry should end." *Id*.

The deadline to amend pleadings in this matter was July 14, 2023. (Dkt. # 15.) Defendants make no effort in their motion papers to demonstrate good cause for their failure to seek amendment prior to that date. Plaintiff's original and amended pleadings, filed on November 22, 2022, and January 26, 2023, respectively, made clear that his allegations against Dr. Hale arose out of conduct that occurred between June 28, 2017, and January 14, 2019. (*See* Dkt. # 1 at ¶¶ 3.4-3.6, 3.9, 3.11, 3.15-3.18; Dkt. 5 at ¶¶ 3.4-3.6, 3.9, 3.11, 3.15-3.18.) Plaintiff's pleadings also made clear that his allegations against Dr. Weber arose out of conduct that

occurred on November 16, 2019. (Dkt. # 1 at ¶¶ 3.13, 3.19; Dkt. # 5 at ¶¶ 3.13, 3.19.) It therefore should have been evident from the face of Plaintiff's pleadings that Dr. Hale and Dr. Weber had a potentially viable statute of limitations defense available to them.

Defendants filed their original and amended answers on February 1, 2023.[1] (Dkt. ## 8, 9.) However, it was not until August 18, 2023, over six months after those pleadings were filed, and over a month after the Court's established deadline to amend pleadings expired, that Defendants' counsel first reached out to Plaintiff's counsel concerning the addition of the statute of limitations defense. (*See* dkt. # 18-1 at ¶ 5; dkt. # 20 at 3.) The record suggests that the failure of Defendants to include the statute of limitations defense in their original pleadings, and the failure to seek leave to amend their amended answer prior to the established deadline, was a mere oversight. As the Ninth Circuit has stated, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

This Court finds that Defendants have not established good cause under Rule 16(b) for failing to seek amendment prior to July 14, 2023, and the Court therefore does not reach the question of whether amendment would be proper under Rule 15(a). Based on the foregoing, the Court hereby ORDERS that Defendants' motion for leave to amend their amended answer (dkt. # 18) is DENIED.

DATED this 24th day of October, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] It appears that the amended answer added a defense of qualified immunity which had been omitted from the original answer. (*See* dkt. # 8 at 8-9; dkt. # 9 at 8-9.)

ORDER DENYING DEFENDANTS'
MOTION TO AMEND ANSWER - 3